UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MCNEIL,

                  Petitioner,

          - against -

SUPT. MICHAEL CAPRA,

                  Respondent.

**REPORT AND RECOMMENDATION**

13 Civ. 3048 (RA) (RLE)

**To the HONORABLE RONNIE ABRAMS, U.S.D.J.:**

## I. INTRODUCTION

Before the Court is a motion by *pro se* Petitioner Joseph McNeil to stay the instant proceedings to allow him to return to state court to exhaust a previously unexhausted claim. McNeil filed his Petition for a writ of habeas corpus with the *Pro Se* Office in this District on April 25, 2013, and filed his motion for a stay on December 2, 2013. Respondent Superintendent Michael Capra entered his response to the Petition on December 19, 2013. For the reasons that follow, I recommend that the motion, which is treated as including a motion to amend McNeil's Petition, be **DENIED** without prejudice.

## II. BACKGROUND

On December 10, 2007, McNeil was convicted of robbery in the second degree. He was sentenced as a persistent violent felony offender to a term of eighteen years to life. In his Petition, McNeil asserts claims identified by reference to an "attached state appellate record." Attached to the Petition is the table of contents for McNeil's direct appeal of his conviction, and a certificate from the Appellate Division, First Department, denying leave to appeal his § 440.10 motion. The certificate is dated February 4, 2013, and stamped as filed February 28, 2013. The Court will construe McNeil's claims for habeas relief as including both his claims on direct

appeal, and the claims raised in his § 440.10 motion. Thus, McNeil asserts the following four claims, the first three raised in his direct appeal, and the fourth in his § 440.10 motion. He contends that his incarceration is unlawful because: 1) the trial court improperly refused the defense request to charge robbery in the third degree as a lesser-included offense; 2) the trial court improperly admitted his arrest photograph, which was not disclosed to the defense in response to a specific request before trial, and which fatally undermined his defense of misidentification; 3) the trial court improperly admitted the hearsay accusation of an anonymous woman who allegedly told police that Joseph McNeil was "the gentleman that had just robbed the lady"; and 4) the trial court erred in failing to reopen the *Wade* hearing, effectively depriving him of his constitutional right to such a hearing. The new claim that McNeil now seeks to exhaust by filing a *coram nobis* petition in state court is a claim of ineffective assistance of appellate counsel. McNeil does not indicate why this claim was not previously exhausted.

## III. DISCUSSION

### A. The *Rhines* Standard

A stay of proceedings should be available only in limited circumstances and is only appropriate when the court determines there was good cause for the petitioner's failure to exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court would abuse its discretion were it to grant a stay when the unexhausted claims were plainly meritless. *Id.* However, a court should stay proceedings when a petitioner 1) has good cause for failing to exhaust; 2) his unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

*Rhines* and its progeny address whether a court should grant a petitioner a stay for purposes of exhausting claims that are presented in the habeas corpus petition along with claims

that have already been exhausted, that is, where there is a "mixed" petition. *Id.* at 277-78. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Fernandez v. Artuz*, No. 00 Civ. 7601, 2006 WL 121943, at *3 (S.D.N.Y. Jan. 18, 2006) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") (quoting *Rhines v. Weber*, 544 U.S. at 277). It remains an open question in this Circuit whether *Rhines* and *Zarvela* apply to petitions containing only exhausted claims. *See Townes v. Lacy*, 68 Fed. Appx. 217, 218 (2d Cir. 2003). Some federal courts in other circuits have held that a petitioner seeking to exhaust a new claim is ineligible for a stay under *Rhines*, *see, e.g.*, *Canales v. Warden, London Correctional Inst.*, No. 1:09-cv-600, 2010 WL 3785263, at *2 (S.D. Ohio Aug. 26, 2010), while others have ruled that *Rhines* is flexible enough to encompass such a situation. *See, e.g.*, *Stegall v. Rapelje*, No. 4:10-cv-14201, 2011 WL 2118971 (E.D. Mich. Apr. 21, 2011). In this Circuit, courts have recently allowed petitioners seeking a stay to first move to amend their petitions to add the claims that they seek to exhaust, before renewing their stay motions. *See, e.g.*, *Spells v. Lee*, No. 11 Civ. 1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011); *Williams v. Sheahan*, No. 11 Civ. 2435, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011). In the interests of judicial economy, this Court will interpret the motion to stay in this case as incorporating a motion to amend, and decide both issues, as at least one other judge in this Circuit has done. *See Simms v. LaClair*, 769 F. Supp. 2d 116, 136 (W.D.N.Y. 2011).

## B. McNeil's Motion to Amend Should Be Denied Without Prejudice

A motion to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also Fama v. Commissioner of*

3

*Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Where, as here, more than twenty-one days have passed since the Petition was filed, leave to amend is required. Fed.R.Civ.P. 15(a). Although leave to amend shall be "freely given," district courts retain the discretion to deny that leave "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," or where the amendment would be futile. *Littlejohn*, 271 F.3d at 363. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" as valid reasons for denying leave to amend); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile.").

McNeil's original petition appears to be untimely, therefore any amendment may be futile. A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1). A conviction becomes final when the "time to seek direct review in the United States Supreme Court by writ of certiorari expire[s];" that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)); 28 U.S.C. § 2101(d). McNeil's leave to appeal was denied on November 4, 2009, his conviction became final on February 2, 2010. (Petition at 1.) Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period may be tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." On February 1, 2011, one day before the one-year limitations period expired, McNeil filed a C.P.L. § 440.10 motion in New York County Supreme Court, thus tolling the limitations period. (Petition at 4.) McNeil states that this motion was

denied on April 15, 2011, (Petition at 4), but contends that the trial court never issued a written decision on the motion. (Petition at 8). McNeil filed a second C.P.L. § 440.10 motion on June 27, 2011, which the trial court denied on November 30, 2011. (Petition at 7.) On February 28, 2013, the Appellate Division entered an order, dated February 4, 2013, denying McNeil leave to appeal.

Because no further appellate review was available under state law, *Ramos v. Walker*, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000), the limitations period began to run again on February 28, 2013, and expired one day later, on March 1, 2013. McNeil filed his original petition on April 25, 2013, fifty-five days later. (Petition at 9.) The petition, therefore, appears to be untimely. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001), *cert. denied*, 534 U.S. 886 (2001) (petition is filed when it is handed to prison guards for forwarding to the Clerk of Court). McNeil appears to assert an equitable tolling argument in support of his claim of timeliness. He claims that he did not receive the Appellate Division's order denying him leave to appeal until April 25, 2013, and he has attached to his petition an envelope from the Appellate Division postmarked April 23, 2013, and stamped "Received and Processed On April 25, 2013." (Petition, at 10, 11.) Even assuming that McNeil's equitable tolling argument has merit and his original petition is timely, his new claim of ineffective assistance of appellate counsel is not timely unless it relates back under Rule 15(c) of the Federal Rules of Civil Procedure. McNeil has not provided any information on the substance of his claim, and the Court cannot determine whether the claim meets the requirements of Rule 15(c).[1] McNeil's motion to amend should be **DENIED** without

---

[1] Under Rule 15(c), an amendment relates back to the date of the original pleading when "(A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the

prejudice to him filing the motion again with more information.

## C. McNeil's Motion for a Stay Should Be Denied Without Prejudice

If McNeil's motion to amend is denied without prejudice, his motion for a stay is moot. However, if McNeil's motion to amend is granted, I recommend that his motion for a stay be **DENIED** without prejudice. To obtain a stay, McNeil must demonstrate good cause for failure to exhaust the claim, the claim must be potentially meritorious, and there must be no indication that McNeil engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In his motion for a stay, McNeil fails to provide any information on his failure to exhaust the claim. Indeed, he provides no information about the claim. (Docket Nos. 15, 16.) As a result, the Court cannot determine whether McNeil has shown good cause or whether the claim is potentially meritorious. Therefore, I recommend that this motion be **DENIED** without prejudice to McNeil filing the motion again with more relevant information.

## IV. CONCLUSION

For the reasons set forth above, I recommend that McNeil's motion to amend and stay his Petition be **DENIED** without prejudice.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen(14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Room 2203, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in

---

party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c).

the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: June 9, 2014**
**New York, New York**

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

Joseph McNeil
DIN # 04-A-5174
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**MAILED BY CHAMBERS**