USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/7/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MCNEIL,

Petitioner,

v.

SUPT. MICHAEL CAPRA,

Respondent.

---

No. 13-CV-3048 (RA)

ORDER ADOPTING
REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Before the Court is *pro se* Petitioner Joseph McNeil's motion to stay this 28 U.S.C. § 2254

proceeding in order to exhaust a new claim of ineffective assistance of appellate counsel in state

court. Because granting the stay would be futile unless the claim could be asserted in this

proceeding, Magistrate Judge Ronald L. Ellis construed the motion as seeking both to stay the

proceedings and to amend the petition for a writ of *habeas corpus* (the "Petition"). On June 9·

2014, Judge Ellis issued a Report and Recommendation (the "Report") recommending the motion

be denied without prejudice, to which Petitioner has objected. For the following reasons, the Court

adopts the well-reasoned Report and denies Petitioner's motion.

## BACKGROUND

On December 10, 2007, Petitioner was convicted of robbery in the second degree and

sentenced as a persistent violent offender to a term of eighteen years to life. Report at 1. After

exhausting his direct appeals, Petitioner's conviction became final on February 2, 2010. *Id.* at 4.

On February 1, 2011, one day before the one-year limitations period to file a federal *habeas*

petition expired pursuant to 28 U.S.C. § 2244(d)(1), Petitioner filed a C.P.L. § 440.10 motion in

New York County Supreme Court. Petition at 10–11. Pursuant to § 2244(d)(2), the statute of

limitations for filing a federal *habeas* petition was tolled while that § 440.10 motion was pending. The motion was denied on November 30, 2011, after which Petitioner appealed the decision to the Appellate Division. Petition at 4. On February 28, 2013, the Appellate Division entered an order dated February 4, 2013, denying leave to appeal. Report at 5. One day later, on March 1, 2013, the statute of limitations for the *habeas* petition expired.

Petitioner did not file the instant Petition until April 25, 2013—fifty-five days later. *Id.* Petitioner argues, however, that the one-year statute of limitations under § 2244(d) does not bar his petition because although the Appellate Division entered its order on February 28, 2013, he did not receive a copy of the decision until April 25, 2013. *See* Petition at 7–8; Obj. (Dkt. 24) at 3.[1]

The Petition sets forth four claims: 1) that the trial court improperly refused Petitioner's request to charge robbery in the third degree as a lesser-included offense; 2) that the trial court improperly admitted his arrest photograph and consequently undermined his defense of misidentification; 3) that the trial court improperly admitted the hearsay accusation of an anonymous woman who purportedly told the police that Petitioner was "the gentleman that had just robbed the lady"; and 4) that the trial court erred in refusing to re-open a hearing pursuant to *United States v. Wade* regarding eyewitness identification evidence that was admitted at trial.[2] Petition at 3–7. Petitioner previously asserted the first three of these claims in his direct appeal and the fourth claim was raised in his § 440.10 motion. *Id.*

In a letter dated December 2, 2013, Petitioner notified the Court that he was in the process of submitting a *coram nobis* petition in state court asserting a claim of ineffective assistance of

---

[1] As discussed further below, Judge Ellis construed this assertion as a claim for equitable tolling of the statute of limitations. Report at 5.

[2] In *United States v. Wade*, the Supreme Court held that absent a waiver of such right, a defendant is entitled to the assistance of counsel at a postindictment lineup. 388 U.S. 218, 236–37 (1967).

appellate counsel. Pet'r Motion to Stay (Dkt. 15). Petitioner requested that the Court stay this proceeding while he returned to state court to exhaust the new claim and sought leave to amend the Petition to add the claim once he had done so. *Id.*

Magistrate Judge Ellis's Report recommended denying Petitioner's motion. Judge Ellis first noted that the filing of the entire Petition appeared to be untimely, but concluded that, even assuming that equitable tolling applied, the new proposed claim could not be asserted in this proceeding because it did not relate back to the original claims as required by Federal Rule of Civil Procedure 15(c). Report at 5. He thus concluded that granting a stay to exhaust the ineffective assistance claim would be futile. *Id.* at 6. Judge Ellis further recommended that Petitioner's motion for a stay be denied even if the amendment were permitted, as Petitioner had failed to provide any information concerning his failure to previously exhaust the proposed claim. *Id.* It was therefore not possible to determine whether Petitioner had "demonstrated good cause for failure to exhaust the claim" as required by *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *Id.*

Petitioner objected to the Report in a letter filed June 26, 2014. In his Objection, Petitioner asserts that the amendment is permissible because the new claim relates back under Rule 15(c). Obj. at 3–4. Petitioner also argues, in response to the Report, that the statute of limitations for the Petition should be equitably tolled from February 28, 2013 to April 25, 2013—the date that he purportedly received the Appellate Division's order denying him leave to appeal. *See* Petition at 8; Obj. at 3.

3

For the sole purpose of this motion to stay, the Court assumes that equitable tolling applies to the filing of the Petition, and thus, that the Petition was timely filed.[3] The timeliness of the Petition, however, will be further considered in the Court's ruling on the Petition.

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Motions to stay and to amend are generally considered non-dispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential. *See* Fed. R. Civ. P. 72(a) (providing that as to non-dispositive matters, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). *See also Trustees of Nat. Retirement Fund v. Wildwood Corp.*, No. 11-CV-06287 (NSR)(LMS), 2014 WL 1918080 at *1 (S.D.N.Y. May 12, 2014) ("A motion to amend . . . is considered a non-dispositive motion."); *McGowan v. Green*, No. 03-CV-5400 (LAP)(HBP), 2010 WL 2891183 at *4, (S.D.N.Y. July, 12, 2010) ("A decision on a motion to stay is non-dispositive and thus subject to review under Rule 72(a) of the Federal Rules of Civil Procedure").

Because the statute of limitations under § 2254 has expired, any new claim asserted by Petitioner in this proceeding would be untimely unless it relates back to the claims asserted in the original pleading pursuant to Federal Rule of Civil Procedure 15(c). *See Mayle v. Felix*, 545 U.S. 644, 649–50 (2005). In this Circuit, the decision to permit a relation back amendment pursuant to Rule 15(c) is not considered a discretionary function, but is rather "more analogous to a dismissal

---

[3] For equitable tolling to apply, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

on the pleadings." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 227–28 (2d Cir. 2006), *as amended* (Oct. 3, 2006) (applying *de novo* standard to district court's decision). Accordingly, the Court will apply the less deferential standard of review applicable to reports and recommendations on dispositive motions under Rule 72(b).

Pursuant to Rule 72(b), a court may accept portions of a report to which no objections are made as long as those portions are not "clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F.Supp.509, 513 (S.D.N.Y. 1997). A court must undertake a *de novo* review of those portions to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *Greene,* 956 F. Supp. at 513 (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)). However, "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *See, e.g., Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). "Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *Quinn v. Stewart,* No. 10-CV-8692 (PAE)(JCF), 2012 WL 1080145, at *4 (S.D.N.Y. April 2, 2012) (internal quotations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.,* 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

Judge Ellis concluded that Petitioner's motion must be denied because even if the Petition were considered timely on the basis of equitable tolling, there is no basis to conclude that the new claim of ineffective assistance of appellate counsel relates back to the original pleading under Rule

5

15(c); therefore, exhausting the claim—and granting a stay of this proceeding to do so—would be futile. Report at 5. The Court agrees.

Rule 15(c) "provides that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended [pleading] arose out of the conduct, transaction, or occurrence set forth in the original pleading." *Mayle*, 545 U.S. at 656 (internal quotations omitted). In the context of amendments to federal habeas petitions, "an amended petition 'does not relate back (and thereby escape the Antiterrorism and Effective Death Penalty Act of 1996's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Sookoo v. Heath*, No. 09-CV-9820 (JGK), 2011 WL 6188729, at \*5 (S.D.N.Y. Dec. 12, 2011) (quoting *Mayle*, 545 U.S. at 650 (2005)). This question of "time and type" is construed narrowly; it is "insufficient for [the] newly asserted claim to simply derive from the same 'trial, conviction, or sentence' as those claims asserted in the original petition." *Jenkins v. Greene*, 646 F.Supp.2d 615, 621 (S.D.N.Y. August 18, 2009) (quoting *Mayle*, 545 U.S. at 662-64). Instead, courts look "for the existence of a 'common core of operative facts'" underlying both the timely filed and newly asserted claims. *Id.*

Here, although Petitioner provides little information regarding his proposed ineffective assistance of appellate counsel claim, it is clear that the claim relates in neither time nor type to the four claims raised in his *habeas* petition. The claim does not relate in time because the claims in the original petition concern events which took place during trial. Claim 1 of the Petition, for example, concerns the trial court's refusal to include a charge of robbery in the third degree as a lesser-included offense, while claims 2, 3, and 4 concern the admission of evidence during the trial. Petitioner's proposed ineffective assistance of appellate counsel claim, however, concerns his representation on appeal. *See Sookoo*, 2011 WL 6188729 at \*5 (finding no relation in time

6

where original claims concerned events at trial and new claim concerned petitioner's representation on direct appeal); *Mayle*, 545 U.S. at 657 (amended petition did not relate in time to original petition where it added a new claim related to petitioner's pretrial statements and original petition concerned events at trial).

The proposed claim similarly differs in type from the other claims raised in the Petition because there is no factual connection between them. "Absent some factual nexus with the claims asserted in the original petition, an ineffective assistance of counsel claim in an amended petition is generally seen to be 'a discrete claim based on discrete facts, *i.e.*, . . . the arguments that counsel raised or allegedly failed to raise on appeal.'" *Sookoo,* 2011 WL 6188729 at *5 (quoting *Cotton v. Burge*, No. 08-CV-453S, 2009 WL 3165868, at *3 (W.D.N.Y. Sept. 26, 2009)). In this case, the Petition contains no ineffective assistance of counsel claims, nor do the underlying facts relate to the performance of Petitioner's counsel in any way. Petitioner's proposed claim is thus not sufficiently related in type to the claims previously asserted. *See Wager v. Ercole*, No. 06-CV-814 (GBD)(HBP), 2009 WL 1659741, at *3 (S.D.N.Y. June 12, 2009) (concluding that a new claim of ineffective assistance of counsel did not relate back where the original petition "did not raise any claim of ineffective assistance of trial or appellate counsel [or] raise any claim concerning the facts underlying the new claim of ineffective assistance of appellate counsel").

Because the proposed new claim fails to relate back to the Petition, the Court concludes that the amendment is untimely. Accordingly, no stay of this proceeding to exhaust the claim in state court is warranted.[4]

---

[4] Because the Court agrees with the Report that Petitioner cannot assert his proposed new claim in this proceeding, it need not address Judge Ellis' alternative holding in the Report that a stay is also not merited because Petitioner failed to show good cause for failing to exhaust the claim.

## CONCLUSION

The Court has reviewed all remaining portions of the Report for clear error and finds none.

The Court therefore adopts the Report and Recommendation and Petitioner's motion is denied.

SO ORDERED.

Dated:     August 7, 2015
           New York, New York

_____
Ronnie Abrams
United States District Judge