USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/29/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH MCNEIL,

Petitioner,

v.

SUPT. MICHAEL CAPRA,

Respondent.

---

No. 13-CV-3048 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Before the Court is *pro se* Petitioner Joseph McNeil's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New York State conviction for robbery. Magistrate Judge Ronald L. Ellis issued a report and recommendation ("the Report") recommending denial of the petition as untimely. McNeil properly filed objections. The Court concludes that, regardless of whether McNeil's habeas petition was timely filed, his underlying claims are either non-cognizable or procedurally barred on habeas review.

## BACKGROUND[1]

On October 25, 2007, Petitioner was convicted of robbery in the second degree in New York state court, and, on December 10, 2007, sentenced to a term of eighteen years to life. *See* Pet., Dkt. 1 at 1. On February 1, 2011, Petitioner filed a C.P.L. § 440.10 motion in New York County Supreme Court. *See id.*; Report at 4. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations for filing a federal habeas petition, which would have expired on February 2, 2011, was

---

[1] The Court assumes the parties familiarity with the facts, as outlined in detail in the Report and a prior order of the Court. *See* Dkts. 25, 30.

tolled while McNeil's C.P.L. § 440.10 motion was pending.[2] *See* Report at 4. On November 30, 2011 the state court denied McNeil's § 440.10 motion "[b]ecause defendant could have raised these claims in his appeal, but did not do so, or was denied leave to do so." Respondent's Mem., Dkt. 17-3 at 100 (citing C.P.L. § 440.10(2)(c)). Petitioner then sought leave to appeal that decision to the Appellate Division. *Id.* at 102. On February 28, 2013, the Appellate Division entered an order, dated February 4, 2013, denying leave to appeal. *Id.* at 124. On March 1, 2013—one day later—the statute of limitations for McNeil's habeas petition expired. *See* Report at 3.

Petitioner filed the instant petition on April 25, 2013—fifty-five days after the statute of limitations on his habeas petition had expired. *See id.* Petitioner contends that, although the Appellate Division denied his leave to appeal on February 28, 2013, he did not receive actual notice of the denial until April 25, 2013, two days after it was mailed to him on April 23, 2013. *See id.* He thus argues that the one-year statute of limitations under § 2244(d) does not bar his petition because the Court should apply equitable tolling for the mail-delay period. *See id.*

In his petition, McNeil raises three distinct claims: 1) that the trial court improperly refused Petitioner's request to charge robbery in the third degree as a lesser-included offense; 2) that the trial court improperly admitted his arrest photograph; and 3) that the trial court improperly admitted the hearsay accusation of an anonymous woman who purportedly told the police that Petitioner was "the gentleman that had just robbed the lady." Pet. at 3–7.

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Pursuant to Rule 72(b), a court may accept portions of a report

---

[2] In his *pro se* C.P.L. § 440.10 motion, McNeil asserted, among other things, that he had received ineffective trial counsel. *See* Pet. at 4.

to which no objections are made as long as those portions are not "clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). A court must undertake a *de novo* review of those portions to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *Greene,* 956 F. Supp. at 513 (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)). "[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *See, e.g., Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). "Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *Quinn v. Stewart*, No. 10-CV-8692 (PAE)(JCF), 2012 WL 1080145, at *4 (S.D.N.Y. Apr. 2, 2012) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.,* 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

### I. Timeliness

The Report recommends that McNeil's motion be denied because the petition was untimely and the limitations period should not be equitably tolled. The Report reasoned that even assuming that the state court did not send notice of its ruling to Petitioner until April 23, 2013, a delay of two months is not sufficiently "prolonged" so as to justify tolling, and even if it were, McNeil did not act diligently throughout the period he seeks to toll. *Id.* at 7. Petitioner objects, contending that he filed the instant petition as soon as he received notice that the Appellate Division had denied his leave to appeal. Pet.'s Objections at 4.

3

Ultimately, the Court need not determine whether the petition was timely filed because, even assuming the claims raised in McNeil's petition are entitled to equitable tolling, they are either non-cognizable or procedurally barred on habeas review.

## II. Petitioner's Claims

In his petition, Petitioner raises three challenges to his conviction: (1) the trial court erred in refusing to instruct the jury to consider the lesser included charge of third-degree robbery, in addition to the second-degree robbery charge for which he was convicted; (2) the trial court improperly admitted his arrest photograph, which was not disclosed to the defense in response to a specific request before trial, and which undermined his defense of misidentification; and (3) the trial court improperly admitted a hearsay accusation.[3] *See* Pet. at 3-6.

### 1. Lesser Included Offense

The Appellate Division's rejection of Petitioner's claim that the trial judge should have instructed the jury to consider the lesser included charge of third-degree robbery was not contrary to, nor an unreasonable application of, Supreme Court law, and the claim is thus an unsuccessful one on habeas review. The Supreme Court and the Second Circuit have expressly declined to consider whether due process requires a trial court to submit jury instructions regarding lesser-included offenses in non-capital context cases. *See Beck v. Alabama,* 447 U.S.

---

[3] The Report also identifies a fourth claim purportedly raised in McNeil's habeas petition, that "the trial court erred in failing to reopen [a] *Wade* hearing, effectively depriving [Petitioner] of his constitutional right to such a hearing." Report at 1. This Court subsequently asked for briefing on this issue. *See* Dkt. 33. Upon further review of the habeas petition, the Court now agrees with the Respondent that McNeil did not posit this argument. Rather, Petitioner simply identified this as the grounds for his C.P.L. § 440.10 motion in state court in response to a form question on his habeas application asking whether he had raised any prior petitions in state or federal court. *See* Pet. at 4, 7; *see also* Pet. at 3-4, 5-6 (raising only the three arguments identified above in his habeas petition); *see* Resp.'s Supp. Mem. at 21. Thus, "[b]ecause petitioner never raised this claim in his petition and [did] not move[] to amend his petition to include this claim, the Court will not review it." *Palmer v. Marshall,* No. 07-cv-5917 (PKC), 2009 WL 47424, at *4 (S.D.N.Y. Jan. 8, 2009); *Morgan v. Lee,* No. 1:11-cv-0390 (MAT), 2012 WL 5336167, at *3 (W.D.N.Y. Oct. 26, 2012) ("A habeas petitioner must 'specify all grounds for relief which are available' and 'set forth in summary form the facts supporting each of the grounds thus specified.'") (quoting Rule 2(c) of the Rules Governing Section 2254 Cases, foll. 28 U.S.C. § 2254)). Nor has McNeil attempted to show "cause and prejudice" so as to justify his procedural default of this claim. *See, e.g.*, *McClesky v. Zant,* 499 U.S. 467, 494-95 (1991).

625, 637-38 & n. 14 (1980) ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case."); *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996) (per curiam) ("The Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases. The Court, however, has expressly declined to consider whether such a requirement would apply in the non-capital context.") (citing *Beck*, 447 U.S. at 637-38). Because *Teague v. Lane,* 489 U.S. 288, 292 (1989), bars the courts from announcing new rules of constitutional interpretation in habeas corpus cases, Petitioner's first claim therefore cannot succeed for this reason alone. *See Jones*, 86 F.3d at 48 ("Since a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule, we hold that *Teague* precludes our consideration of the issue.").

## 2. Petitioner's Arrest Photograph

Petitioner next argues that the state court erred in allowing the introduction of Petitioner's arrest photograph because it was not disclosed by the prosecution "in response to a specific request before trial." Pet. at 6. Specifically, Petitioner argues that the prosecutor erred in not complying with New York State discovery provisions. *See id.*; *see* Pet.'s Objections at 8-10; *see* N.Y. Crim. Proc. Law § 240.20(1)(d) ("[U]pon a demand to produce by a defendant against whom an indictment . . . the prosecutor shall disclose to the defendant . . . Any photograph . . . relating to the criminal action."). Under New York state law, if a party fails to comply with discovery provisions, the court may, in its discretion "order such party to permit discovery of the property not previously disclosed, grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action." N.Y. Crim. Proc. Law § 240.70(1).

Petitioner does not argue, however, that the prosecutors' non-disclosure of the arrest photograph constituted a *Brady* or *Giglio* violation, or that his claim here arises under any other provision of the federal constitution or federal law. Accordingly, Petitioner's second claim must also be dismissed. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.") (emphasis in original); *see Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) ("It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States.").

### 3. Hearsay and Confrontation Clause Claims

Finally, Petitioner contends that the trial court improperly admitted hearsay into evidence, and in doing so violated his constitutional rights under the Confrontation Clause. In particular, Petitioner argues that "the trial court erred by admitting the hearsay accusation of an anonymous woman who allegedly told the police that Joseph McNeil was 'the gentleman that had just robbed the lady.'" Pet at 4. On direct appeal, the Appellate Division rejected this argument on a procedural ground: "Defendant's hearsay and Confrontation Clause claims regarding a communication between a police officer and a nontestifying declarant are unpreserved, and we decline to review them in the interest of justice." *People v. McNeil*, 63 A.D.3d 551, 552 (citation omitted).

A federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment," *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice," *id.* at 750. Procedural default precludes habeas review when "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (quoting *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996)).

Petitioner's hearsay/confrontation clause objection is procedurally barred, as New York's contemporaneous objection rule is an independent and adequate ground for the state Court to reject Petitioner's contention that the trial court improperly admitted hearsay evidence. *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012) ("If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with such a 'contemporaneous objection' rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review.") (quoting *Peterson v. Scully,* 896 F.2d 661, 663 (2d Cir.1990)); *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) ("[W]e have held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."); *see also Reyes v. Ercole*, No. 08-CV-4749 (JFB), 2010 WL 2243360, at \*5 (E.D.N.Y. June 1, 2010) (finding petitioner's habeas claims based on the testimony of police detectives referencing statements by other people that implicated petitioner were procedurally barred because petitioner's trial counsel failed to make the necessary objections at trial).

Furthermore, Petitioner cannot overcome this procedural bar because he has not shown that he falls within either of the two exceptions to this bar—actual innocence, and cause and prejudice. As to innocence, after he filed his objections, Petitioner filed a letter with the Court asserting that he did not commit the crime, that "he has been incarcerated upon a farce ever since his arrest," and that he "had forgotten that [he] was incapacitated in the Hospital right before the

incident thereof reported and [he] was suffering from severe blackouts and alcoholism." Dkt. 29, at 1. The only evidence Petitioner submits in furtherance of this statement, however, is a Writ of Errors filed in state court, which includes a police report identifying Petitioner's physical condition on February 4, 2013 as "intox alcohol." *Id.* at 46. This document, however, does not reveal whether McNeil was ever admitted to a hospital for his intoxication, and, if so, how long he was held there, and it thus lends no support to Petitioner's claim that he "was incapacitated in the Hospital right before the incident." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible," a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Nor has Petitioner established cause and actual prejudice. "[T]he cause requirement is met if some objective factor, external to Petitioner's defense, interfered with his ability to comply with the state's procedural rule. . . [and] futility may constitute cause 'where prior state case law has consistently rejected a particular constitutional claim.'" *Gutierrez*, 702 F.3d at 111–12 (quoting *DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006)). "The 'prejudice' requirement is met by establishing 'actual prejudice resulting from the errors of which Petitioner complains.' The error must have resulted in 'substantial disadvantage, infecting the entire trial with error of constitutional dimensions.'" *Id.* at 112 (quoting *Frady v. United States*, 456 U.S. 152, 168, 170 (1982)).

Here, Petitioner has not alleged any factor external to his defense that interfered with his ability to comply with the state's procedural rule or alleged that prior state case law would have made his argument futile. To the extent that Petitioner argues that ineffective assistance of counsel constitutes cause, see Pet.'s Mem., Dkt. 22, at 13-19, that argument fails because "the

mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Moreover, Petitioner has not shown actual prejudice: Substantial evidence, including the testimony of the robbery victim, supported his conviction. *See* Resp.'s Opp., at 39–40; *id.* (noting that the defendant was arrested near the crime scene and identified by the victim within only minutes of the crime).

## CONCLUSION

For the preceding reasons, Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed.

Because McNeil has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

The Clerk of Court is respectfully directed to enter judgment dismissing the petition and to close this case.

SO ORDERED.

Dated:     April 29, 2019
           New York, New York

Ronnie Abrams
United States District Judge